UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

UNITED STATES OF AMERICA,

                     - against -                 **MEMORANDUM & ORDER**
                                                    21-CR-445 (MKB)

ANTHONY LAPORTA,

                          Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Defendant Anthony Laporta pleaded guilty on March 8, 2022, to conspiracy to distribute

and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846,

841(b)(1)(B)(i), and 841(b)(1)(C).  (Min. Entry dated Mar. 8, 2022, Docket Entry No. 22

(reflecting plea of guilty to Count One of the Indictment); Indictment 1, Docket Entry No. 13.)

On February 7, 2023, the Court sentenced Laporta to seventy months of imprisonment to be

followed by four years of supervised release.  (J. as to Anthony Laporta 2–3, Docket Entry No.

40.)  Laporta is currently incarcerated at Beckley Federal Correctional Institution, with an

expected release date of November 26, 2026.  *See* Fed. Bureau of Prisons, *Find an Inmate*,

https://www.bop.gov/inmateloc/ (last visited Mar. 28, 2024).

       On November 1, 2023, Amendment 821 ("Amendment 821") to the United States

Sentencing Guidelines (the "Guidelines") went into effect and was made explicitly retroactive.[1]

*See, e.g.*, *United States v. Garcia*, No. 20-CR-673, 2024 WL 586459, at *1 (S.D.N.Y. Feb. 12,

2024) (noting that Amendment 821 "went into effect on November 1, 2023 and applies

retroactively").  On December 19, 2023, Laporta filed a *pro se* motion to reduce his sentence

---

[1] U.S. Sent'g Comm'n, *Amendment 821*,
https://www.ussc.gov/guidelines/amendment/821 (last visited Mar. 28, 2024).

pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 entitles him to a two-point reduction to his criminal history points and to a two-level reduction from the base offense level. (Def.'s Mot. for Reduction of Sentence ("Def.'s Mot.") 3, Docket Entry No. 53.)  On January 11, 2024, the government opposed the motion.[2]  (Gov't Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 58.)  On February 26, 2024, CJA counsel for Laporta filed a reply in support of Laporta's motion.  (Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 62.)

For the reasons discussed below, the Court denies Laporta's motion for a reduction of his sentence.

## I.   Discussion

### a.   Legal framework for sentence reductions

Title 18, United States Code, Section 3582(c)(2) provides that when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements — "namely [U.S. Sent'g Guidelines ("U.S.S.G")] § 1B1.10."  *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the

_____

[2]  On December 20, 2023, the Court appointed James Gatta as Criminal Justice Act ("CJA") counsel to represent Laporta.  (CJA 20 Form as to Anthony Laporta, Docket Entry No. 54.)  Gatta previously represented Laporta from his arraignment through sentencing.  (*See* CJA Form 20, Docket Entry No. 8.)

extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10.").[3]  Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Id.*; *see also United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding after the first step of the two-step inquiry that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."[4]  U.S.S.G. § 1B1.10(b)(1).  The Sentencing Commission's policy

---

[3]  Although the Supreme Court decided *Dillon* based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings."  *See Dillon*, 560 U.S. at 819; U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

[4]  Amendment 821 is among those listed in subsection (d) to this section.  U.S.S.G. § 1B1.10(d).

statements further provide that, with an exception not relevant here,[5] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A). Accordingly, where a defendant's original sentence imposed a term of imprisonment below the amended Guidelines range, that defendant is ineligible for a sentence reduction under section 3582(c)(2). *See United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021) (observing — with respect to the identically worded portion of a prior edition of the Guidelines — that "because the Sentencing Commission's policy statements limit the authorization under § 3582(c)(2), a sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range" (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B))).

**b.  Amendment 821**

Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1.[6] In its previous form, section

---

[5]  The exception under section 1B1.10(b)(2) allows for a sentence reduction even if the original sentence fell below the amended Guidelines range, but only if "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range . . . pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). In such cases, the Guidelines allow for "a reduction comparably less than the amended guideline range determined under" Amendment 821. *Id.*

[6]  Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines. This new section provides for a two-point reduction in offense level for individuals who received no criminal history points at their original sentencing — so-called "zero-point offenders" — and whose offense did not meet any of nine exclusionary criteria. U.S.S.G. § 4C1.1(a)(1)–(10); *see also United States v. Ali*, No. 21-CR-613, 2024 WL 515244, at *1–2 (S.D.N.Y. Feb. 9, 2024) (granting resentencing under section 4C1.1 because the defendant "did not receive any criminal history points at the original resentencing and . . . defendant's offense did not include any of the (nine) exclusionary criteria listed in [s]ection 4C1.1(a)"); *United States v. Sardarova*, No. 20-CR-681, 2024 WL 259775, at *1–2 (S.D.N.Y. Jan. 12, 2024) (concluding that the defendant

4

4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023).  Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.*; U.S.S.G. § 4A1.1(e).

### c.   Laporta is entitled to a two-point reduction to his criminal history points

The Court finds that Laporta is eligible for a two-point reduction in his criminal history points.  (*Accord* Suppl. Presentence Report ("Suppl. PSR") 2, Docket Entry No. 56.)  Pursuant to Amendment 821, Laporta should be assigned a total of three criminal history points, rather than five, because his initial Guidelines range included a two-point increase under the prior version of section 4A1.1(d), for committing his offense while on probation for a previous offense.  (Def.'s Mot. 3; *see also* Presentence Investigation Report ("PSR") ¶ 34, Docket Entry No. 33 ("The defendant committed the instant offense while under a criminal justice sentence, specifically, the probation imposed on August 7, 2019. . . . Therefore, per [U.S.S.G.] § 4A1.1(d), [two] points are added.").)  Thus, Laporta's criminal history category is II, rather than III.  The Court also finds that, with a base offense level of twenty-five, the applicable revised Guidelines range is sixty-three to seventy-eight months of imprisonment.  (*See* Suppl. PSR 2.)

---

qualified for the two-point reduction under section 4C1.1, but not for a sentence reduction because the original sentence "fell below the low end of th[e] amended [Guidelines] range").  Laporta does not qualify as a zero-point offender, and Part B of Amendment 821 therefore does not apply.

### d.   The Court declines to reduce Laporta's sentence

Laporta argues that he is entitled to a reduced sentence and "requests a sentence at the low end of the new advisory guidelines range."[7]  (Def.'s Mot. 3.)  In support of his request for a reduced sentence, Laporta lists a number of "Rehabilitation Programs" in which he has participated or for which he is on the waiting list, including General Educational Development (GED) classes, a Commercial Driver's License (CDL) class, a forty-hour drug class, and a hundred-hour anger management class.  (*Id.*)

Counsel for Laporta requests that the Court impose a reduced sentence of sixty-three months of imprisonment, which is the low end of the revised applicable Guidelines range of sixty-three to seventy-eight months of imprisonment.  (Def.'s Reply 3.)  In support, Laporta first argues that "[he] is a worthwhile candidate for a sentence reduction" because "[he] has held jobs since his teenage years and throughout his early adulthood, demonstrating his capacity to support himself and contribute to his community," and because "[w]hile incarcerated, Mr. Laporta has . . . enrolled in both a GED class and a 100-hour anger management program, and is on waiting lists for several other programs he seeks to participate in."  (*Id.* at 4.)  Second, Laporta argues that "modifying [his] sentence aligns with the Guidelines, and the Commission's amendment to § 4A1.1."  (*Id.*)  Laporta argues that the Commission's amendment to section 4A1.1 "reflect[s] its conclusion 'that accounting for status on a more limited basis continues to serve the broader

---

[7] Laporta also argues in his *pro se* submission that he is entitled to a two-level reduction in offense level presumably pursuant to Part B of Amendment 821.  (*See* Def.'s Mot. 3.)  While Laporta is entitled to a two-point reduction in his criminal history points pursuant to Part A, he is not eligible for a two-level reduction pursuant to Part B because he had three criminal history points at the time of his sentencing for the instant offense and was therefore not a "zero-point offender."  (*See* PSR ¶ 33 ("The criminal convictions above result in a subtotal criminal history score of three.").)

purposes of sentencing' [and] adjusting Mr. Laporta's term of imprisonment to [sixty-three] months sufficiently complies with the purposes of sentencing."  (*Id*.)  "Just as the Court found it appropriate to sentence Mr. Laporta to the low end of the Guidelines range in February of 2023, the Court should similarly find it appropriate to sentence Mr. Laporta to the revised low end of the Guidelines range."  (*Id*.)

The government argues that the Court should decline to reduce Laporta's sentence because (1) "[he] is a member of . . . the Trinitarios street gang, a violent criminal enterprise," (2) he "sold substantial quantities of dangerous drugs, including heroin containing fentanyl, into the Queens, New York community over a significant period of time," and (3) he possessed contraband at the Metropolitan Detention Center ("MDC"), including "two homemade weapons" and "two contraband iPhones."  (Gov't Opp'n 2)  In sum, the government argues, "[Laporta] was clearly undeterred from criminal conduct even after the Court imposed a [seventy] month sentence and the Court should decline, in its discretion, to reduce that sentence."  (*Id*.)

Upon consideration of the relevant section 3553(a) factors and for the following reasons, the Court declines to reduce Laporta's sentence and finds that a sentence of seventy months of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Without affording undue weight to any one factor or set of factors, the Court's decision is guided in part by 18 U.S.C. §§ 3553(a)(2)(A) and (a)(2)(B).  Section 3553(a)(2)(A) requires the Court, in part, to fashion a sentence that "promote[s] respect for the law," and section 3553(a)(2)(B) requires that the Court's sentence "afford adequate deterrence to criminal conduct."  18 U.S.C. §§ 3553(a)(2)(A)–(B).  Granting Laporta's motion would be inconsistent with these factors for at least two reasons.  First, Laporta committed the instant offense while on

7

probation for a prior offense.  While Amendment 821 reflects the Commission's updated view

on appropriate sentences for defendants who commit offenses while serving criminal sentences,

the fact is still relevant to the Court's consideration of an adequate sentence that "promote[s]

respect for the law" and "afford[s] adequate deterrence to criminal conduct."  18 U.S.C. §§

3553(a)(2)(A)–(B); *see also United States v. Cirino*, No. 17-CR-232, 2024 WL 1068337, at *3

(D. Conn. Mar. 12, 2024) (finding the defendant eligible for a sentence reduction, but concluding

that the section 3553(a) factors weighed against reducing the sentence because, *inter alia*, the

defendant committed the offense while on supervised release); *United States v. Stephens*, --- F.

Supp. 3d. ---, ---, 2024 WL 797829, at *3 (W.D.N.Y. Feb. 22, 2024) (declining to reduce the

sentence in part because the defendant's conduct "occurred while [he] was on parole for a state

felony offense").  Second, although the Court commends Laporta for his participation in

rehabilitative programming, Laporta's conduct while in custody reflects that a reduction in

sentence is unwarranted.  *See Cirino*, 2024 WL 1068337, at *3 (finding that the defendant's post-

sentencing conduct "weigh[ed] against a reduction in his sentence" because of a disciplinary

citation for "Escape").  As the government notes, Laporta was found after sentencing to have

possessed contraband at the MDC, including two sharpened instruments and two iPhones.

(Gov't Opp'n 2.)  In addition, the Supplemental PSR reflects that this violation, "Possessing a

Dangerous Weapon," occurred less than a month after Laporta's sentence was imposed.  (Suppl.

PSR 3; *see also* Incident Report, annexed to Gov't Opp'n as Ex. 2, Docket Entry No. 58.)  Prior

to sentencing, Laporta was also twice disciplined for "Contacting [the] Public without

Authorization," in November of 2021 and October of 2022, (Suppl. PSR 3), and the

government's initial sentencing memorandum suggests that Laporta has continued to maintain

contact with other members of the Trinitarios while incarcerated.  (Gov't's Sentencing Mem. 4–

6, Docket Entry No. 36); *see also* 18 U.S.C. § 3553(a)(2)(C) ("The court . . . shall consider . . . the need for the sentence imposed . . . to protect the public from further crimes of the defendant.").  Finally, the Court considers "the need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), and notes that Laporta's co-defendant also received a sentence of seventy months of imprisonment.[8]  (J. as to Jonathon Calderon, *United States v. Calderon*, No. 21-CR-445 (E.D.N.Y. Feb. 21, 2023), Docket Entry No. 48.)

**II.   Conclusion**

For the foregoing reasons, the Court denies Laporta's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: March 29, 2024
       Brooklyn, New York

SO ORDERED:

_____/MKB_____
MARGO K. BRODIE
United States District Judge

---

[8]  Laporta's co-defendant, Jonathon Calderon, has also moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence.  (Mot. to Reduce Sentence, *United States v. Calderon*, No. 21-CR-445 (E.D.N.Y. Jan. 11, 2024), Docket Entry No. 57.)  Calderon's motion is still under consideration by the Court, but the Court observes that Probation's position is that Calderon is ineligible for a sentence reduction.  (*See* Suppl. Presentence Report, *Calderon*, No. 21-CR-445 (E.D.N.Y. Feb. 9, 2024), Docket Entry No. 60.)  For purposes of Laporta's motion, the Court assumes without deciding, that Calderon's sentence will remain unchanged.